# W. E. CAWLEY v. GREAT NORTHERN RAILWAY COM- PANY.[1]

## February 17, 1911.

## Nos. 16,931—(217).

**Injury at street crossing — questions for jury.**

The plaintiff was injured in a public street at a railroad crossing by the alleged negligence of the defendant in operating its trains over the crossing. *Held,* that the questions of the defendant's negligence and the contributory negligence of the plaintiff were made by the evidence questions of fact, and were properly submitted to the jury.

Action in the district court for Hennepin county to recover $51,-000 for personal injuries. The facts are stated in the opinion. The case was tried before Simpson, J., who denied defendant's motion for a directed verdict. The jury returned a verdict in favor of plaintiff for $10,462.24. Defendant's motion for judgment in its

[1]Reported in 129 N. W. 842.

[Note] Violation of ordinance as to safety gates or flagman at railroad crossing as ground for private action, see note in 5 L.R.A.(N.S.) 246; and 5 L.R.A.(N.S.) 245.

favor notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Brown, Albert & Guesmer,* for appellant.

*Daniel F. Carmichiel,* for respondent.

START, C. J.

On October 15, 1909, at the hour of 8:40 p. m., the plaintiff, while he was upon Harrison street, in the city of Minneapolis, and in the act of crossing the railway tracks of the defendant, which passed over and across the street, was struck and injured by box cars which were being moved across the street. As a result of the accident he lost both of his legs, his left hand and arm were crippled, and he was otherwise seriously injured. He brought this action in the district court of the county of Hennepin to recover damages from the defendant on account of his injuries, on the alleged ground that the cars were negligently moved across the street without giving any signal or warning of any kind, without any employee or light on the cars to warn persons about to cross the tracks, without lowering gates, and at an excessive rate of speed. The answer was, in effect, a general denial; but the question of the plaintiff's contributory negligence was litigated and submitted to the jury without objection. A verdict was returned for the plaintiff in the sum of $10,462.24, and the defendant moved for judgment in its favor notwithstanding the verdict, which was denied, and judgment entered, from which the defendant appealed.

The defendant does not in any event seek a new trial, nor complain of any error in the rulings or instructions of the trial court, except that it erred in denying defendant's motion for a directed verdict in its favor. The sole question, then, for our decision, is whether the record conclusively shows as a matter of law that the plaintiff was not entitled to recover. That the plaintiff was struck and injured by the cars of some railway company at the time and place stated and upon the tracks of the defendant is not controverted; but whether he was struck by the cars of the defendant, as the complaint alleged, or whether, if so, the defendant was negligent, and whether the plaintiff was guilty of contributory negli-

gence, were questions which were litigated, submitted to the jury, and determined against the defendant. If any one of these questions was made, by the evidence, one for the decision of the trial judge as a matter of law, then it was error to deny the motion of the defendant for an instructed verdict in its favor; otherwise, not.

We have attentively considered the record, which consists of more than twelve hundred printed pages, for the purpose of determining these questions. It is not our purpose to discuss or refer to the evidence in detail, as it will serve no practical purpose, but simply to indicate the result of our consideration of the evidence.

While the accident occurred on the tracks of the defendant, yet the evidence is conclusive that three other railroad companies also operated trains over the defendant's tracks. Nevertheless the complaint charged that it was the defendant's cars operated by it which injured the plaintiff and all questions of the liability of the defendant, if the plaintiff was injured by the cars of some of the other railroad companies, were thereby eliminated from the case. The burden by the pleadings was on the plaintiff to show that he was struck by the defendant's cars, and the defendant insists that there was no evidence to sustain a finding by the jury that such was the fact. The evidence on the part of the plaintiff, direct and circumstantial, tends to show that it was the defendant's train which was backing across the street when the plaintiff was struck. On the part of the defendant there was evidence tending to show the movements of all of the defendant's trains which passed over the crossing or in its vicinity within an hour before or after the plaintiff was injured. It is claimed that such evidence was conclusive that no movement of any of its trains within the time corresponded with the movement of the train which struck the plaintiff as described by him, and that the train which struck him could not have been the defendant's. The conclusion to be drawn from the whole evidence relevant to this question was, in our opinion, for the jury, and not for the judge. The question of the identity of the train was clearly one of fact for the jury, and their attention was impartially called to the evidence and claims of the respective parties. We hold that

the evidence was sufficient to justify such submission and that it sustains the finding of the jury thereon.

The defendant further urges that there was no evidence to show any negligence in the operation of the train. Counsel in this connection claims that the failure to sound the whistle at this crossing was customary and whistling was prohibited by ordinance. The court charged the jury that such failure could not be made the basis of negligence, and also that the plaintiff, in regulating his conduct, could not rely upon the fact that the gates were up, because he testified that he knew that they were not being operated. The jury were, however, instructed that it was the duty of the defendant to maintain and operate the gates at the crossing. It is urged in this connection that the ordinance imposing such duty is invalid, and that in no event was a failure to operate the gates negligence as to the plaintiff; also that there was no evidence as to the rate of speed the cars were going. These matters are here immaterial, if at the close of the evidence, when the directed verdict was requested, there was sufficient evidence to take the case to the jury on any of the grounds of negligence alleged in the complaint.

No errors in the charge of the court are here assigned, except its denial of the motion for an instructed verdict. We find the evidence sufficient to take the question of the defendant's negligence to the jury.

The last reason urged why the court should have instructed a verdict for the defendant is that it conclusively appears from the evidence that the plaintiff was guilty of contributory negligence. Such a question is one for the court only in clear and exceptional cases, where only one conclusion can be reasonably drawn from the undisputed evidence or admitted facts. This is not such a case, for the evidence is such that fair-minded men might well draw therefrom different conclusions as to the plaintiff's alleged negligence.

Judgment affirmed.

JAGGARD and SIMPSON, JJ., took no part.